IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CARL BLAKE BROCK, #08560-003 | ) Civil Action No. 3:10-2821-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| JOHN DOE # 1, CORRECTIONAL OFFICER; | ) |
| JOHN DOE # 2, CORRECTIONAL OFFICER; | ) |
| JOHN DOE # 3, CORRECTIONAL OFFICER; | ) |
| JOHN DOE # 4, SIS LIEUTENANT; | ) |
| BRETT FRIEND, REGISTERED NURSE; | ) |
| M. AZUMAH, MID-LEVEL PRACTITIONER; | ) |
| CORBIN, PHYSICIANS ASSISTANT; | ) |
| CATHERINE BOWMAN, RADIOLOGY TECH; | )**REPORT AND RECOMMENDATION** |
| JORGE S. VASQUEZ, MEDICAL DOCTOR; | ) |
| BRIAN YUNG, MEDICAL DOCTOR; | ) |
| ALISON WILSON; MEDICAL DOCTOR; | ) |
| HECTOR LOPEZ, MEDICAL DOCTOR; | ) |
| VALERIE SMITH, PHYSICIANS ASSISTANT; | ) |
| DONARDO FONTE, PHYSICIANS ASSISTANT; | ) |
| ARUNAVA SAHA, MID-LEVEL PRACTITIONER; | ) |
| LORENZO GUEVARA, ASST. HEALTH SERV. ADM.; | ) |
| L. FUERTES-ROSARIO, HEALTH SERV. ADMIN.; | ) |
| W. E. MACKELBURG, ADMN REM CORD; | ) |
| PENNY RICE, SECRETARY; AND | ) |
| R. A. BLOCKER, CLINICAL DIRECTOR, | ) |
| Defendants. | ) |

The pro se Plaintiff, Carl Brock, filed this action on November 16, 2010.[1] He is an inmate at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). Plaintiff's

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) and (e) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the Court.

allegations concern incidents which occurred while he was housed at United States Penitentiary Hazelton ("USP-Hazelton") in Bruceton Mills, West Virginia and at FCI-Edgefield. On January 5, 2012, Plaintiff's motion to amend his complaint was granted and his amended complaint was filed.

## Motion for Judgment on the Pleadings/Motions to Dismiss

Defendants Alison Wilson ("Wilson") and Brian Yung ("Yung") filed a motion for judgment on the pleadings on May 6, 2011. On July 1, 2011, Defendants M. Azumah ("Azumah"), R.A. Blocker ("Blocker"), Corbin, Donardo Fonte ("Fonte"), Brent Friend ("Friend"), L. Fuertes-Rosario ("Fuertes-Rosario"), Lorenzo Guevara ("Guevara"), Hector Lopez ("Lopez"), W.E. Mackelburg ("Mackelburg"), Penny Rice ("Rice"), Arunava Saha ("Saha"), Valerie Smith ("Smith"), and Jorge S. Vasquez ("Vasquez") filed a motion to dismiss. Defendants John Doe 1, John Doe 4, and John Doe 3 filed a motion to dismiss on October 7, 2011.

As noted above, Plaintiff filed an amended complaint on January 5, 2012. Defendants Wilson and Yung filed a motion to dismiss the amended complaint on January 12, 2012. Young filed a motion to dismiss the amended complaint on January 12, 2012. Defendants Azumah, Blocker, Corbin, John Doe 1, John Doe 4, John Doe 3, Fonte, Friend, Fuertes-Rosario, Guevara, Lopez, Mackelburg, Rice, Saha, Smith, and Vasquez filed a motion to dismiss the amended complaint on February 1, 2012. These new motions incorporate the earlier motions for judgment on the pleadings/to dismiss. Thus, it appears that the earlier motion for judgment on the pleadings and motions to dismiss are moot. It is therefore, recommended that these motions (Doc.Nos. 34, 45, and 89) be denied without prejudice.[2]

---

[2]When the undersigned considers the new motions to dismiss, the Defendants' arguments in their original motions as well as the new motions will be considered. Additionally, Plaintiff's
(continued...)

**Motion to Sever/Extend Time**

On May 6, 2011, Plaintiff filed a response to the answer filed by Defendants Wilson and Yung. He appears to request that if the Court determines from this answer that this action should be dismissed, it should instead be transferred to the proper district. This motion is premature, as it does not appear to be in response to a motion to dismiss, for judgment on the pleadings, or for summary judgment from these Defendants. It is, therefore, recommended that Plaintiff's motion to sever (Doc. 38) be denied without prejudice.[3]

---

[2](...continued)
responses to Defendants' earlier motion for judgment on the pleadings and motions to dismiss, as well as his additional responses as to the motions to dismiss his amended complaint, will be considered.

[3]To the extent Plaintiff is requesting that the answer of Defendants Wilson and Yung be stricken, it is recommended that Plaintiff's motion be **denied**. Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." McIntyre-Handy v. APAC Customer Servs., No. 4:05CV124, 2006 WL 721383 (E.D.Va. Mar. 20, 2006) (internal citations and quotations omitted). Here, Plaintiff has not made such a showing.

To the extent that Plaintiff is asking to strike the answer pursuant to Fed.R.Civ.P. 12(f), it is recommended that the motion be denied because Plaintiff has not shown that Defendants' defenses are insufficient, redundant, immaterial, impertinent, or scandalous. Rule 12(f) provides, in part, that:

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f).

Defendants Yung and Wilson filed a motion to extend the time to respond to Plaintiff's motion to severe until fourteen days after their motion for judgment on the pleadings is ruled upon. It is recommended that this motion (Doc. 40) be denied as moot.

**Motion for Default and Related Motions**

On July 11, 2011, Plaintiff filed a motion for default judgment as to Defendant Catherine Bowman ("Bowman"). He argues that he is entitled to default judgment because Bowman did not timely file a response to his complaint. Bowman requests that an order of default be set aside because it was the result of mistake, inadvertence, surprise, or excusable neglect; Bowman inadvertently believed that her employer would provide a defense for her; and Plaintiff was not be prejudiced by any delay. Plaintiff argues that Bowman's motion to set aside default be stricken because Bowman did not serve him with a copy of the motion and he only received a copy of it because his family went on PACER and informed him of the motion.[4] Plaintiff requests that Bowman's answer be stricken because it was not timely filed and was not served on him. Additionally, Plaintiff requests that Bowman's answer be stricken because she did not plead certain defenses in her Fed.R.Civ.P. 60(b) appearance and has not plead her answers with particularity.

Although Bowman has characterized her motion as one under Rule 60(b), relief from a judgment or order, no order or judgment of default has been entered in this case. Even if Plaintiff could show that Defendant Bowman is in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their

---

[4]Counsel for Defendant Bowman is admonished that he must serve Plaintiff with a copy of all pleadings and file a certificate of service with the Court. See Fed.R.Civ.P. 5.

4

merits. See Reizakis v. Loy, 490 F.2d 1132 (4th Cir.1974); Tolson v. Hodge, 411 F.2d 123 (4th Cir.1969).

Entry of default should not be made as Plaintiff has not shown that Defendant Bowman has failed to plead or otherwise defend. As discussed above, Defendant Bowman has now filed an answer. After these motions were filed, Plaintiff amended his complaint. Bowman timely filed an answer to the amended complaint with a certificate of service. The principles for setting aside an entry of default also support a finding that entry of default should not be made. The Federal Rules provide that the Court may set aside an entry of default "for good cause show." Fed.R.Civ.P. 55(c). The primary factors relied on by the Court when considering a motion to set aside default under Rule 55(c) are prejudice to a non-moving party and whether a meritorious defense is presented. Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245 (4th Cir.1974). A meritorious defense is presented where the moving party makes a presentation or proffer of evidence which, if believed, would permit the Court to find for the defaulting party. United States v. Moradi, 673 F.2d 725 (4th Cir.1982). The Court may also consider whether or not the moving party acted promptly, Consolidated Masonry & Fireproof, Inc. v. Wagman Constr. Co., 383 F.2d 249 (4th Cir. 1967), and whether or not the moving party has been disadvantaged by the error or neglect of his attorney. United States v. Moradi, 673 F.2d at 728.

Here, Plaintiff fails to show any prejudice from the alleged default. Defendant Bowman appears to have acted promptly when she learned of claims against her and to have presented a meritorious defense.

Thus, it is recommended that Plaintiff's motion for default judgment (Doc. 48) be denied, Defendant Bowman's motion to set aside default (Doc. 53) be denied as moot, and Plaintiff's motion to strike (Doc. 82) the motion to set aside default be denied.

Plaintiff's motions to strike Bowman's answer appears to be moot as Plaintiff filed an amended complaint to which Bowman has filed an answer. Although Bowman failed to file a certificate of service at the time he filed his answer, he filed a certificate of service on August 2, 2011 indicating Plaintiff was served with her answer and motion to set aside default on August 1, 2011 (see Doc. 77).[5] Plaintiff does not dispute that he has now obtained a copy of the motion. Plaintiff also fails to show that Bowman's answer should be stricken pursuant to Rule 12(f). Thus, it is recommended that Plaintiff's motions to strike (Docs. 79 and 87) be denied.

Plaintiff also filed a motion, on August 12, 2011, asking for an order directing that the Clerk of Court enter default. It appears such a motion is now moot. Plaintiff also appears to argue that the Clerk is not filing some of his motions or responding to his questions. The Clerk's office has procedures in place to assure that motions filed by pro se litigants are timely filed. Review of the docket in this case reveals that numerous motions and responses by Plaintiff have been filed. To the extent Plaintiff is requesting legal advice from staff members of the Clerk's office, they are not authorized to provide legal advice. To the extent Plaintiff is requesting copies of documents, he must first provide the appropriate fees for such. It is, therefore, recommended that Plaintiff's motion for orders (Doc. 88) be denied.

## Motion for Partial Summary Judgment

On July 15, 2011, Plaintiff filed a motion for partial summary judgment as to the federal Defendants and Defendant Bowman. He argues that he is entitled to summary judgment because

---

[5]Plaintiff was granted an extension of time to file any response to the answer and Bowman's motion. See Doc. 78.

these Defendants filed motions to dismiss without specifically denying that the facts in his complaint are untrue.

It is recommended that Plaintiff's motion (Doc. 52) be denied. Plaintiff misunderstands a motion to dismiss. When considering a 12(b)(6) motion, the Court must accept as true the facts alleged in the complaint and view them in the light most favorable to the Plaintiff. <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 251 (4th Cir. 1999). Thus, there is no requirement that Defendant deny the facts asserted in the complaint in their motions to dismiss. Plaintiff has not shown that he is entitled to summary judgment at this time.

## **Conclusion**

Based on review of the record, it is recommended that:

(1) the May 6, 2011 motion for judgment on the pleadings (Doc. 34) of Defendants Wilson and Yung; the July 1, 2011 motion to dismiss (Doc. 45) of Defendants Azumah, Blocker, Corbin, Fonte, Friend, Fuertes-Rosario, Guevara, Lopez, Mackelburg, Rice, Saha, Smith, and Vasquez; and the October 7, 2011 motion to dismiss (Doc. 89) of Defendants John Doe 1, John Doe 4, and John Doe 3 be **denied** without prejudice;

(2) Plaintiff's motion to sever (Doc. 38) be **denied**, without prejudice, and that the motion of Defendants Wilson and Yung for an extension of time to respond (Doc. 40) be **denied** as moot;

(3) Plaintiff's motion for default judgment as to Defendant Bowman (Doc. 48) be **denied**; Defendant Bowman's motion to set aside default (Doc. 53) be **denied** as moot; Plaintiff's motion to strike (Doc. 79) Bowman's answer to the complaint be **denied**;

7

Plaintiff's motion to strike (Doc. 82) Bowman's motion to set aside default be **denied** as moot; Plaintiff's motion to strike (Doc. 87) be **denied**; and Plaintiff's motion for orders (Doc. 88) be **denied**; and

(4) Plaintiff's motion for partial summary judgment (Doc. 52) be **denied.**



_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

February 27, 2012

**The parties are referred to the Notice Page attached hereto**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).