IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CARL BLAKE BROCK, #08560-003 ) | Civil Action No. 3:10-2821-MGL-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| CATHERINE BOWMAN, RADIOLOGY TECH; ) | |
| ) | |
| Defendant. ) | |
| ) | |

The pro se Plaintiff, Carl Brock, filed this action on November 16, 2010.[1] He appears to allege constitutional claims pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Federal Correctional Complex in Forrest City, Arkansas. See ECF No. 138. At the time of the remaining alleged incidents, he was housed at the United States Penitentiary Hazelton ("USP-Hazelton") in Bruceton Mills, West Virginia. On January 5, 2012, Plaintiff filed an amended complaint which incorporates his original complaint. ECF No. 100. Catherine Bowman ("Bowman") is the remaining Defendant in this action.[2] On April 15, 2013, Plaintiff filed a motion for judgment on the pleadings, and he filed a motion to strike or in the alternative to dismiss Defendant Bowman's defenses and affirmative defenses. On April 16, 2013, Defendant Bowman filed a motion for judgment on the pleadings. Because Plaintiff is proceeding pro se, he was advised on April 18, 2013, pursuant to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2) DSC. Because these are dispositive motions, the Report and Recommendation is entered for review by the court.

[2] On February 22, 2013, the Honorable Mary Geiger Lewis, United States District Judge, dismissed the other nineteen Defendants named in the Complaint and Amended Complaint. See ECF No. 140.

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. Plaintiff filed a response on April 25, 2013.

## FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

1. Plaintiff arrived at USP-Hazelton in January 2008. Complaint, ¶ 20.

2. On June 25, 2008, there was a prison uprising at USP-Hazelton that resulted in Plaintiff sustaining injuries. Complaint, ¶¶ 22-39.

3. As a result of his injuries, Plaintiff was transferred to the West Virginia University Hospital, where he remained until he was discharged and transferred back to USP-Hazelton on July 4, 2008. Complaint, ¶¶ 42, 46, 48, 57.

4. While at WVUH, Plaintiff was given "bottled oxygen" treatment, two courses of antibiotics, intravenous pain medications, "lung rehabilitation devices," and oral pain medications. Complaint, ¶ 50.

5. At the time of discharge, Plaintiff was prescribed Percocet for pain and was to take "Azithromycin" and Cefpodoxime" to treat his pneumonia, fever, and urinary tract infection. Complaint, ¶¶ 55-56.

6. On August 15, 2008, Plaintiff claims he injured his ankle when he slipped in the shower after he experienced a severe fit of coughing. On August 19, 2008, an x-ray revealed "[a]bnormal significant soft tissue swelling and joint effusion. Mild irregularity of anterior malleo[l]us, but no definite fracture." Plaintiff asserts that Defendant Bowman signed for the x-ray results, but told him that nothing was wrong with his ankle and refused him pain treatment and therapy. See Complaint, ¶¶ 110-115.

7. On November 2, 2008, Plaintiff was transferred from USP-Hazelton. Complaint, ¶ 131.

## STANDARD FOR MOTION TO DISMISS/JUDGMENT ON THE PLEADINGS

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[A] motion under Rule 12(c) ... is assessed under the same standard that applies to a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

## DISCUSSION

Plaintiff alleges that Defendant Bowman was deliberately indifferent to his serious medical needs. See Complaint, ECF No. 1, ¶¶ 6 ("Bowman is sued in her individual capacity as to her deliberate indifference to the Plaintiff's Eighth Amendment rights...."); 110-113, 115. Defendant, a radiologist who does not appear to be an employee of USP-Hazelton,[3] contends that her motion to dismiss should be granted because the cause of action pled should at most be considered a negligence cause of action and it fails as there were no overt acts on the part of Defendant or any failure to act.

Defendant previously filed a motion to dismiss in February 2012 (ECF No. 116) in which she argued that (1) this Court lacks subject matter jurisdiction over her; (2) negligence does not rise to the level of an Eighth Amendment violation; and (3) Plaintiff has not complied with the requirements of the Federal Tort Claims Act. The undersigned recommended (in July 2012) that Defendant Bowman's first motion to dismiss be denied because Plaintiff alleged (Complaint, ¶ 115) more than negligence as he claimed that Bowman had firsthand knowledge of his severely injured ankle and was deliberately indifferent to this medical condition because she denied him any and all treatment and therapy for his condition.[4] Judge Lewis, in her February 2013 Order, noted that Defendant Bowman did not file any objections to the Report and Recommendation, found no clear error, and denied Bowman's first motion to dismiss. See ECF No. 140.

---

[3]In the undersigned's July 2012 Report and Recommendation, it was noted that although Defendant Bowman asserted she was privately employed, she did not identify her employer in any of her pleadings and it is unclear whether she was under contract with the Bureau of Prisons.

[4]It was noted that Plaintiff did not assert a claim under the Federal Tort Claims Act.

4

Here, Defendant Bowman does not address Plaintiff's Eighth Amendment claims, but again argues that his allegations are merely negligence. Specifically, she argues that Plaintiff fails to establish negligence because she had no duty whatsoever to Plaintiff and thus could not have breached a duty to him.[5]

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).   The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

---

[5]Defendant attests that she is not permitted by her West Virginia Radiologic Technologist license to offer opinions, interpret x-rays, give advice, prescribe treatment, or prescribe medication; her job was to take x-rays, send the exam for interpretation, download the hardcopy of the transcribed report, and place the report in the mid level practitioner's box for review, treatment, and follow-up; she did not deviate from the procedure; and with the exception of taking an x-ray of Plaintiff, she had no part in his treatment.  Bowman Aff., ECF No. 145-1.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 106.

The Court of Appeals for the Fourth Circuit also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not

prevail. Estelle, 429 U.S. at 106; Farmer v. Brennan, 511 U.S. at 837-838; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

The undersigned does not disagree with Defendant's contention that claims of negligence fail to rise to the level of a constitutional violation. See, e.g., Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); Estelle v. Gamble, 429 U.S. 97, 107 (1976). Viewing the Complaint in the light most favorable to Plaintiff for purposes of summary judgment, however, Plaintiff has alleged more than negligence. Plaintiff asserts that Defendant Bowman is sued in her individual capacity as to her deliberate indifference to his Eighth Amendment rights. Complaint, ¶ 7. He alleges that Defendant told him that there was nothing wrong with his ankle, refused him any and all pain treatment and therapy, and refused to refer him to a medically qualified person to treat his condition. Id., ¶ 113. Plaintiff claims that Defendant had firsthand knowledge of his injured ankle, she knew his condition could cause degeneration and severe pain, she denied him treatment and therapy, and she refused to refer him to a medically qualified person to be properly treated. He further claims that a lack of treatment and therapy posed a substantial risk of future harm to him, and Defendant's failure to act delayed his treatment for four days and caused him injury, infliction of pain, and emotional distress. Id., ¶ 115. Defendant does not address Plaintiff's claims of deliberate indifference in his motion for judgment on the pleadings such that it is recommended that her motion for judgment on the pleadings be denied.

Plaintiff argues that he is entitled to judgment as a matter of law because there is no genuine issue as to any material fact and he has shown that Defendant knew of his severely injured ankle, wilfully disregarded his serious medical need, denied him any treatment or therapy, and refused to refer him to a medically-qualified person to be properly treated. He asserts that a four-day delay in

treatment caused him injury.[6] It is recommended that Plaintiff's motion be denied as there are genuine issues of material fact in dispute. Defendant contends that she did not have the education, training, or license to have firsthand knowledge of Plaintiff's injured ankle, that she did not willfully disregard his serious medical need, and that she did not deny him treatment. See Defendant's Motion for Judgment on the Pleadings, ECF No. 145-1 at 3.

## MOTION TO STRIKE

On April 15, 2013, Plaintiff filed a motion to strike or in the alternative to dismiss all defenses and affirmative defenses. Plaintiff does not identify the rule or authority under which his motion is brought.

To the extent that Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 12(f), his motion should be denied as untimely. Rule 12(f) provides:

> **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, **within 21 days after being served with the pleading**.

---

[6]To the extent Plaintiff alleges a claim due to a delay in treatment, he must show that the delay resulted in some substantial harm or that it created a substantial risk of serious harm of which Defendants was aware. See, e.g., Webb v. Hamidullah, 281 F. App'x 159 (4th Cir. 2008)(Eighth Amendment violation only occurs if the delay results in some substantial harm to the patient); Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993)(same); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990)(same). But see Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004)("This [constitutional] violation is not premised upon the 'detrimental effect' of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm [of which prison officials are aware].").

8

Fed. R. Civ. P. 12(f)(emphasis added). Here, Defendant Bowman's Answer to the Amended Complaint was filed January 5, 2012, but Plaintiff's motion to strike was not filed until April 15, 2013. Plaintiff previously filed motions to strike Defendant's Answer (ECF Nos. 79 and 87) which were denied by the Honorable Joseph F. Anderson, Jr., United States District Judge,[7] on March 9, 2012. ECF No. 123. In his Amended Complaint, Plaintiff identified the Defendants originally designated John Doe # 1, # 3, and #4; asserted additional bases for jurisdiction; made statements concerning residences, and clarified his claims against Defendant Saha (who is no longer a party to this action). Defendant's Answer and her Answer to Plaintiff's Amended Complaint contain the same defenses and are substantially the same. See ECF Nos. 54, 105. Even if Plaintiff's motion is deemed timely, it should be rejected because Plaintiff has not shown that Defendant's Answer to Plaintiff's Amended Complaint contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous material.

Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir., 2001) (internal citations and quotations omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." McIntyre-Handy v. APAC Customer Servs., 2006 WL 1771048 (E.D.Va. Jun. 23, 2006) (internal citations and quotations omitted). Here, Plaintiff

---

[7]This action was reassigned to Judge Lewis on July 9, 2012.

fails to demonstrate that the defenses sought to be stricken are so unrelated to Plaintiff's claims as to be unworthy of any consideration or prejudicial to Plaintiff if they remain in Defendant's Answer to Plaintiff's Amended Complaint.

## **CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion for judgment on the pleadings (ECF No. 143) be denied; Plaintiff's motion to strike or in the alternative to dismiss (ECF No. 144) be denied; and Defendant Bowman's motion for judgment on the pleadings (Doc. 145) be denied.

Joseph R. McCrorey
United States Magistrate Judge

July 18, 2013
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).