UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carl Blake Brock, | ) | C/A No.  5:10-2821-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Catherine Bowman, Radiology Tech, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, a pro se federal prisoner, brings this action alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is before the court on the parties' cross-motions for summary judgment: Plaintiff filed a Motion for Summary Judgment on October 21, 2013, ECF No. 163, to which Defendant Catherine Bowman ("Defendant")[1] responded on November 8, 2013, ECF No. 165; Defendant filed a Motion for Summary Judgment and/or for Change of Venue on November 8, 2013, ECF No. 164, to which Plaintiff responded on January 24, 2014, ECF No. 178, having been advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's Motion, *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), ECF No. 166. Defendant filed a reply in support of her Motion on January 31, 2014. ECF No. 180. Also pending is Plaintiff's January 10, 2014 Motion for Enlargement of Time, requesting the currently scheduled date for trial

---

[1] Defendant Catherine Bowman is the only remaining Defendant in this action. On February 22, 2013, the Honorable Mary G. Lewis, United States District Judge, issued an Order dismissing Defendant John Doe # 2 without prejudice; granting the Motion to Dismiss of Defendants Yung and Wilson; granting the Motion to Dismiss of Defendants Shearer (John Doe #1), Elliot (John Doe # 3), Peitrisko (John Doe # 4), Friend, Azumah, Corbin, Vasquez, Lopez, Smith, Fonte, Saha, Fuertes-Rosario, Mackelburg, Rice, and Blocker; and denying the

be extended 90 days, ECF No. 176, and Plaintiff's Motion for Relief from Order, ECF No. 179. As the Motion for Relief from Order concerns an order issued by United States District Judge Lewis, the undersigned is informed that Judge Lewis will consider it separately.

Having considered the parties' filings, the undersigned enters this Report and Recommendation recommending the following:[2] Plaintiff's Motion for Summary Judgment, ECF No. 163, be *denied*; Defendant's Motion for Summary Judgment and/or Change of Venue, ECF No. 164, be *granted in part*, as to the Motion for Summary Judgment, and be *denied in part as moot* as to the request for change of venue; and Plaintiff's Motion for Enlargement of Time, ECF No. 176, be *denied as moot*; and Plaintiff's Complaint as to Defendant Bowman be dismissed with prejudice.

I.     Factual Background

At the time Plaintiff filed this action, he was confined at Federal Correctional Institution Edgefield ("FCI-Edgefield"), located in Edgefield, South Carolina. Compl. 4, ECF No. 1. Plaintiff was subsequently transferred to the Federal Correctional Complex in Forrest City, Arkansas, where he is currently confined. *See* Not. of Change of Address, ECF No. 138. At the time of the alleged incidents complained of in this action, Plaintiff was confined at the United States Penitentiary in Hazelton, West Virginia ("USP-Hazelton"). Compl. 3-5,

---

Motion to Dismiss of Defendant Bowman. ECF No. 140. Judge Lewis denied Defendant Bowman's second Motion to Dismiss on October 9, 2013. ECF No. 158.

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), which provides for all pretrial proceedings in certain types of matters be referred to a United States Magistrate Judge. On January 8, 2013, the matter was reassigned from United States Magistrate Judge Joseph R. McCrorey to the undersigned. ECF No. 170. Because the parties' Motions for Summary Judgment are dispositive, the undersigned enters this Report for the district judge's consideration.

ECF No. 1.³ After allegedly being injured in a prison riot, Plaintiff was admitted to and treated at the West Virginia University Hospital in June 2008 for various conditions including pneumonia, fever, and a urinary tract infection. *See id.* at 13-15. Plaintiff was discharged and returned to USP-Hazelton on July 4, 2008. *Id.* at 15.

On August 15, 2008, Plaintiff experienced a severe fit of coughing while in the shower, slipped, and injured his ankle. *Id.* at 31. He signed up for "sick call" at USP-Hazelton for complaints of severe ankle pain and swelling. An x-ray was ordered on August 19, 2008, and was taken on August 21, 2008. The x-ray revealed "[a]bnormal significant soft tissue swelling and joint effusion. Mild irregularity of anterior malleo[l]us, but no definite fracture." *Id.* at 31.

Plaintiff claims that Defendant signed for the x-ray results on August 21, 2008; told him that "'<u>nothing</u>' was wrong with his ankle[;] and refused him any and all pain treatment, therapy, or [referral to] a medically qualified person to treat his condition." *Id.* at 32 (emphasis in original). On August 25, 2008, Plaintiff was examined by Nurse Bonsell (who appears to be an employee of USP-Hazelton) who allegedly "expressed disbelief that nobody had treated [P]laintiff's easily observable ankle injury and pain." *Id.* Nurse Bonsell prescribed Motrin 800 to treat Plaintiff's pain. *Id.*

Plaintiff appears to allege, pursuant to *Bivens*, that Defendant violated his Eighth Amendment rights under the United States Constitution. *See id.* at 6, 32. He requests

---

³ On January 5, 2012, Plaintiff filed an Amended Complaint, which more specifically identifies certain defendants who are no longer parties to this action, asserts additional bases for jurisdiction, makes statements concerning residences of the parties, and clarifies his claims against a defendant no longer a party to this action. Am. Compl., ECF No. 100. Plaintiff's claims against Defendant Bowman are contained in the original Complaint, ECF No.1, which is incorporated by reference in the Amended Complaint.

monetary damages "in an amount of not less than One Million ($1,000,000.00) dollars." *Id.* at 55-56. [4]

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact when none exists. *See* Fed. R. Civ. P. 56(c). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is

---

[4] To the extent Plaintiff's Complaint also requests injunctive and/or declaratory relief against Defendant, such claims are moot, as he was transferred from USP-Hazelton in November 2008 (*see* ECF No. 1 at 35) and is currently housed at the Federal Correctional Complex in Forrest City, Arkansas. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief.").

4

such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

III.    Analysis

    A.    *Bivens* Claim

Plaintiff alleges that Defendant's deliberate indifference to his medical condition amounted to cruel and unusual punishment in violation of the Eighth Amendment. *See* Compl. 6, 32, ECF No. 1. He appears to have brought his claims pursuant to *Bivens*, which establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. §1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Nevertheless, *Harlow* and progeny indicate that case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

Plaintiff appears to allege that Defendant is a federal employee at USP-Hazelton who was responsible for providing him with medical care. On July 19, 2011, Defendant attested that she is not, nor has she ever been, employed by the federal government in any capacity.

5

Def.'s Aff. in Support of Mot. Set Aside Default ¶ 8, ECF No. 53-1. *Bivens* does not extend to provide a right of action against private employees whose actions are not fairly attributable to the government. *See Holly*, 434 F.3d at 291-93 (declining to extend *Bivens* to impute liability when "federal government has no stake in [defendant corporation] other than a contractual relationship;" further, that contractual relationship is not enough "to create such liability for its individual private employees"). Additionally, the Court of Appeals for the Fourth Circuit has explicitly declined to extend *Bivens* to provide a right of action to an inmate who has adequate remedies under state law. *See id.* at 288. The undersigned notes that, arguably, *Bivens* may be inapplicable here because Defendant's actions may not be "fairly attributable" to the federal government and/or Plaintiff may have adequate remedies under state law. *See Holly*, 434 F.3d at 288, 291-93. However, because this possibility is unclear from the record before the court, the court considers the parties' Motions as presented.

    B.   Defendant's Motion for Summary Judgment

Defendant contends Plaintiff's claims are barred by the applicable West Virginia two-year statute of limitations. Def.'s Mem. 3, ECF No. 164. Although there is no federal statute of limitations for actions arising under *Bivens* or 42 U.S.C. § 1983, it is well settled that the limitations period for such claims is to be determined by the analogous state law statute of limitations. *See Owens v. Okure*, 488 U.S. 249-50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *see also Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985) (holding that in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries); *Reinbold v.*

6

*Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (noting that because there is no statute of limitations for *Bivens* actions, the district court correctly looked to state law); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991) (As "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal quotation and citations omitted).

Here, the action alleged against Defendant arose in West Virginia and is best characterized as a personal injury action. Thus, West Virginia is the relevant state and its statute of limitations should be applied to Plaintiff's claims against Defendant Bowman.[5] West Virginia's statute of limitations period for personal injury claims is two years. W. Va. Code § 55-2-12 ("Every personal action for which no limitation is otherwise prescribed shall be brought . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]");[6] *Roberts v. Wood Cnty. Comm'n*, 782 F. Supp. 45, 46 (S.D.W. Va. 1992) ("In West Virginia, the statute of limitations for a § 1983 civil rights action is two years.").

---

[5] The Fourth Circuit has not addressed the issue of which state's statute of limitations is applicable when the case is brought in one state, but the alleged incident occurred in another state. In *Malone v. Corrections Corp. of America,* 553 F.3d 540 (7th Cir. 2009), the Seventh Circuit Court of Appeals applied the statute of limitations of the state in which the complained-of conduct occurred (Oklahoma) and not the statute of limitations of the forum state (Wisconsin) to find that the inmate's § 1983 action was time-barred. *Id.* at 542-543. In *Sanders v. North Carolina*, No. 7:07-cv-3174-GRA-WMC, 2008 WL 1868328 (D.S.C. Apr. 24, 2008), the District Court of South Carolina applied the statute of limitations of the state in which the alleged wrong occurred (North Carolina) to find the plaintiff's action was time-barred.

Plaintiff's only allegations against Defendant pertain to an incident that occurred in August 2008. Compl. 31-32, ECF No. 1. Plaintiff signed his Complaint on October 25, 2010, and the envelope mailing it to the court appears to be postmarked October 26, 2010. *See* ECF No. 1-1. *Houston v. Lack*, 487 U.S. 266 (1988) (finding prisoner's pleading considered filed at moment of delivery to prison officials for mailing). As Plaintiff did not complete and submit the Complaint until more than two years after the alleged August 2008 actions of Defendant, his claims against Defendant are barred by the applicable West Virginia two-year statute of limitations.

Plaintiff also generally argues he did not discover his injury until he obtained a copy of the August 21, 2008 x-ray in "late 2009." *See* Pl.'s Opp'n Mem. 2, ECF No. 178. Determining when a civil rights cause of action accrues is a question of federal law. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979); *Nasim*, 64 F.3d at 955.

Plaintiff argues that "[a]fter exercising due diligence, in late 2009, Plaintiff finally got the results of the x-ray that [Defendant] had (wrongly) inter[pr]eted on August 21, 2008." Pl.'s Opp'n Mem. 2, ECF No. 178. Although Plaintiff cites to "'Plaintiff's Exhibit-01', paragraph-5," his opposition brief contains no exhibits. To the extent Plaintiff craves

---

[6] There is a two-year statute of limitations generally applicable to medical malpractice claims. *See* W. Va. Code § 55-7B-4. Negligence and medical malpractice, however, are generally are not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n.3 (1986); *Estelle v. Gamble*, 429 U.S. 97,

reference to his affidavit presented as "Plaintiff's Exhibit #01" to his opposition to Defendant Bowman's Motion to Dismiss, ECF No. 150-1, that evidence does not support Plaintiff's argument that his cause of action did not accrue until he actually possessed a copy of the x-ray of his ankle. To the contrary, that affidavit supports the determination that he possessed facts sufficient to reveal his cause of action. Plaintiff details his August 25, 2008 discussion with Nurse Bonsell regarding his ankle injury and notes that, on that date, he informed Nurse Bonsell that Defendant had refused to obtain treatment for him on August 21, 2008. Pl.'s Aff. ¶¶ 3-4, ECF No. 150-1.

Review of the evidence presented reveals Plaintiff possessed sufficient facts about the harm done to him at the time of his encounter with Defendant on August 21, 2008 or at the latest on August 25, 2008, when he avers that Nurse Bonsell examined him and "expressed disbelief that nobody had treated [P]laintiff's easily observable ankle injury and pain." Compl. 32, ECF No. 1.[7] Thus, Plaintiff possessed sufficient facts about the harm done to him that reasonable inquiry would have revealed his cause of action on or before August 25, 2008, which was more than two years prior to his filing this action. *See Kubrick*, 444 U.S. at 122-24.

Plaintiff further contends Defendant cannot assert a statute of limitations defense because Defendant failed to include this defense in her Answer. Pl.'s Opp'n Mem. 4-5, ECF No. 178. Contrary to this argument, Defendant asserted in her Answer (as her Fifth

---

106 (1976)(medical malpractice); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

[7] Notes of medical care from USP-Hazelton on August 25, 2008, signed by Dr. Jorge Vazquez and Heather Bonsell, RN, indicate there was mild swelling and bruising of Plaintiff's ankle, Plaintiff had an alteration in comfort, and Plaintiff was given a four-day supply (twelve pills) of Motrin 800 to take every eight hours as needed for pain. ECF No. 150-1 at 7.

5:10-cv-02821-MGL     Date Filed 02/19/14    Entry Number 184     Page 10 of 13

Affirmative Defense) that "Plaintiff's claims are barred by the applicable statute of limitation." Def.'s Answer ¶ 7, ECF No. 54. She reasserted this defense in her Answer to Plaintiff's Amended Complaint. Answer to Am. Compl. ¶ 7, ECF No. 105.

Plaintiff also contends Defendant is not entitled to summary judgment because Defendant now asserts that she is an employee of the United States. Pl.'s Opp'n Mem. 4, ECF No. 178. Plaintiff submits Defendant makes her Motion for Summary Judgment in "bad faith" because she now claims she is entitled to relief as an "employee of the government." *Id.* Plaintiff argues Defendant's claiming to be a government employee directly contradicts her prior sworn statement that she is not a government employee. *Id.* (citing ECF No. 53). Examination of Defendant's Motion, however, fails to reveal Defendant's arguing she is a government employee. Rather, Defendant seems to refer generally to employees of the United States in noting that the federal venue statute, 28 U.S.C. § 1391, includes a provision for bringing actions when the United States is a defendant "in a judicial district in which a Defendant in the action resides." Def.'s Mem. 2, ECF No. 164. Although the paragraph containing this reference is not a model of clarity, the court does not understand it to be an argument that Defendant is now claiming to be an employee of the federal government. Further, the court's review of Defendant's pleadings fails to reveal any contradictory language to her earlier assertion that she is not employed by the federal government. Accordingly, Defendant's Motion for Summary Judgment should be granted as Plaintiff's claim against Defendant was not timely brought within the applicable West Virginia statute of limitations.

C. Defendant's Motion for Change of Venue

Defendant Bowman alternatively argues that if summary judgment is not granted, venue should be changed to West Virginia because she is the sole remaining Defendant, she resides in West Virginia, the alleged conduct is in West Virginia, most witnesses are in West Virginia, and "[a]s a result of the United States and all other Defendants being dismissed, there is no remaining nexus in the state of South Carolina." Def.'s Mem. 2, ECF No. 164. If the court accepts the recommendation to grant Defendant summary judgment, Defendant's motion for a change of venue would be moot.

D. Plaintiff's Motion for Summary Judgment

In addition to opposing Defendant's Motion for Summary Judgment, Plaintiff also filed his own "Motion for Summary Judgment on Defendant's Affirmative Defenses," contending summary judgment should be granted as to Defendant's affirmative defenses of personal jurisdiction, service, venue, failure to state a claim, statute of limitations, and administrative remedy exhaustion. Pl.'s Mem., ECF No. 163. However, in his Motion, Plaintiff only pursues the argument regarding the statute-of-limitations defense. Accordingly, the court need not address Plaintiff's Motion as to the other affirmative defenses at this time.

Plaintiff argues Defendant waived her statute of limitations defense by not pleading it in her Rule 60(b) appearance.[8] Plaintiff asserts that *Stjernholm v. Peterson*, 83 F.3d 347 (10th

---

[8] After Defendant failed to timely file an answer, she filed a motion to set aside default. She argued, pursuant to Federal Rule of Civil Procedure 60(b), that an entry of the default occurred as a result of mistake, inadvertence, surprise, or excusable neglect. Defendant asserted she originally thought she had counsel representing her who would handle the case, but later learned that was not the case. *See* ECF No. 53. The Honorable Joseph F. Anderson, Jr., United States District Judge, granted Defendant's motion on March 9, 2012. Judge Anderson specifically noted Defendant presented a meritorious defense, she acted with the requisite promptness and diligence in seeking to set aside or explain her default, there was no history of dilatory action, there was no less drastic sanction, and there was no prejudice to

Cir. 1996), supports his argument. In *Stjernholm*, the Tenth Circuit addressed a defense of improper venue, not a statute of limitations defense. The defendants in that case filed a motion to set aside an entry of default with a response to the Stjernholms' complaint. The district court granted the motion to set aside the entry of default and treated the "response," which did not raise the defense of improper venue, as the answer. Here, however, Defendant raised the affirmative statute-of-limitations defense in her answers to Plaintiff's original and amended complaints. ECF Nos. 54, 105.

Plaintiff also argues that Defendant's defenses are not pleaded with sufficient particularity to give him fair notice of its basis and do not satisfy the heightened pleading standard established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This appears to be a motion to strike this defense pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), Plaintiff's motion is untimely, as it must be made within 21 days after being served with the pleading. *See* Fed. R. Civ. P. 12(f).

IV.    Conclusion

For the reasons discussed above, it is recommended that Plaintiff's Motion for Summary Judgment, ECF No. 163, be *denied*. It is also recommended that Defendant Bowman's Motion, ECF No. 164, be *granted in part* as to her Motion for Summary Judgment, and *denied in part as moot* as to her Motion for Change of Venue. It is further recommended that Plaintiff's Complaint be dismissed with prejudice as to Defendant Bowman. If the court accepts these recommendations, Plaintiff's Motion to Extend Time, ECF No.176, will be moot.

---

Plaintiff. ECF No. 123. This action was reassigned from Judge Anderson to Judge Lewis on

IT IS SO RECOMMENDED.

February 19, 2014                                         Kaymani D. West
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

July 9, 2012. ECF No. 129.