IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carl Blake Brock, #08560-003 | ) | Civil Action No.: 5:10-2821-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Catherine Bowman, Radiology Tech, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

*Pro se* Plaintiff Carl Blake Brock ("Plaintiff") filed this action on November 16, 2010, pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff originally brought this action against several defendants who are Bureau of Prisons ("BOP") employees and several other defendants who are employees of the United States Public Health Service ("USPHS"), the West Virginia University Hospital ("WVUH"), or not employed by BOP. Plaintiff is currently housed at the Federal Correctional Complex in Forrest City, Arkansas, but at the time of the alleged incidents involving Defendant Catherine Bowman ("Defendant Bowman"), he was incarcerated at United States Penitentiary Hazleton ("USP-Hazleton") in Bruceton Mills, West Virginia. At the time Plaintiff filed his complaint he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling and a Report and Recommendation on any dispositive motions.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on November 16, 2010, alleging deliberate indifference to his medical condition in violation of the Eighth Amendment (ECF No. 1), and

1

amended his complaint on January 5, 2012, incorporating his original complaint.  (ECF No. 100.)  This court issued an order on February 22, 2013 (ECF No. 140) dismissing Defendant John Doe #2 without prejudice, granting the motion to dismiss of Defendants Shearer (John Doe #1); Elliot (John Doe #3); Peitrisko (John Doe #4), Friend, Azumah, Corbin, Vasquez, Lopez, Smith, Fonte, Saha, Fuertes-Rosario, Mackelburg, Rice, and Blocker (ECF No. 109), and denying the motion to dismiss of Defendant Bowman. (ECF No. 116.) Thus, Defendant Bowman is the only remaining defendant of the several defendants originally named in the complaint.

On April 15, 2013, Plaintiff filed a motion for judgment on the pleadings (ECF No. 143), and he also filed a motion to strike or in the alternative to dismiss Defendant Bowman's defenses and affirmative defenses. (ECF No. 144.) On April 16, 2013, Defendant Bowman filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (ECF No. 145.)  On October 9, 2013, this Court adopted the Report and Recommendation of the Magistrate Judge and denied the Plaintiff's Motion for Judgment on the Pleadings, Plaintiff's motion to strike or in the alternative to dismiss, and Defendant Bowman's motion for judgment on the pleadings. (ECF No. 158.)

Currently pending before this Court is the February 19, 2014 Report and Recommendation of the Magistrate Judge recommending that Plaintiff's Motion for Summary Judgment (ECF No. 163) be denied, and Defendant Bowman's Motion (ECF No. 164), be granted in part as to her Motion for Summary Judgment, and denied in part as moot as to her Motion for Change of Venue. (ECF No. 184.)  Also pending before the Court is Plaintiff's Motion for Enlargement of Time filed on January 10, 2014, requesting that a proposed trial date be extended by 90 days (ECF No. 176) and Plaintiff's Motion for Relief from this Court's previous order pertaining to Defendant Bowman's motion to

set aside a default. (ECF No. 179). Additionally, Plaintiff filed a motion for extension of time to file his response to the Magistrate Judge's February 19, 2014 Report and Recommendation which was dated March 3, 2014. (ECF No. 187.) Thereafter, Plaintiff filed his objections dated March 5, 2014 and docketed on March 10, 2014. (ECF No. 188.) In those objections, Plaintiff did not indicate that he needed more time to submit any additional submissions and responded to the specific portions of the Magistrate Judge's report. Accordingly, as Plaintiff has already filed his objections, this Court finds Plaintiff's motion for extension of time to file to be moot.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. After conducting a *de novo* review of the objections, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds the Magistrate Judge's recommendation to be proper and adopts the Magistrate Judge's Report and Recommendation for the reasons set forth below.

## REPORT AND RECOMMENDATION, RESPONSES, AND ANALYSIS

The Report and Recommendation sets forth in detail the relevant facts and standards of law and the court incorporates them and summarizes below in relevant part. The Magistrate Judge issued a Report and Recommendation recommending that

Plaintiff's Motion for Summary Judgment (ECF No. 163) be denied, that Defendant Bowman's Motion (ECF No. 164), be granted in part as to her Motion for Summary Judgment, and denied in part as moot as to her Motion for Change of Venue. Thus, the Magistrate Judge further recommended that Plaintiff's Complaint be dismissed with prejudice as to Defendant Bowman, rendering Plaintiff's Motion to Extend Time (ECF No. 176) moot.   The Magistrate Judge acknowledged Plaintiff's Motion for Relief from Order which is in the nature of a motion for reconsideration of this Court's previous rulings pertaining to "the 'Entry of Default' and the 'Judgement [sic] of Default' against Defendant Bowman (ECF No. 179) but did not issue a recommendation on the motion which is properly directed to the undersigned.  (ECF No. 184 at 2.) The Magistrate Judge reasonably considered the parties' motions as they were presented on their merits without making a determination as to whether a *Bivens*[1] action was the appropriate means for pursing an action against Defendant Bowman.  (ECF No. 184 at 5-6.)

In her motion for summary judgment, Defendant Bowman contends that Plaintiff's claims are barred by the applicable West Virginia two-year statute of limitations.  In reviewing this argument, based on the allegations of the complaint concerning Defendant Bowman, the Magistrate Judge concluded that West Virginia is the "relevant state" where the alleged actions occurred and that West Virginia's two-year statute of limitations for personal injury claims should apply.  (ECF No. 184 at 7.)   More specifically, Plaintiff's only allegation against Defendant Bowman occurred in August 2008 and Plaintiff completed and submitted his complaint more than two years later in October 2010.  (ECF No. 184 at 8.)  Plaintiff tries to avoid the statute of limitations problem by generally arguing that he did not discover his injury until late 2009, but the

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Magistrate Judge properly rejected this argument based on a review of the evidence presented in light of the applicable case law.  (ECF No. 184 at 8-10.)  Finally, the Magistrate Judge considered Plaintiff's argument that Defendant Bowman submitted her motion in bad faith in purportedly claiming to be a government employee.   (ECF No. 184 at 10.)  The Magistrate Judge indicated that her review of Defendant Bowman's pleadings failed to reveal any contradictory language to her earlier sworn assertion that she was is not employed by the federal government. (ECF No. 184 at 10.)   In recommending Defendant Bowman's motion for summary judgment be granted because it was not timely brought within the applicable West Virginia statute of limitations, the Magistrate Judge recommended that Defendant Bowman's motion for a change of venue be found moot.  (ECF No. 184 at 11.)

The Magistrate Judge also carefully considered the merits of Plaintiff's own motion for summary judgment and recommended that this motion be denied.  (ECF No. 184 at 11.)   Plaintiff primarily argues that Defendant Bowman waived her statute of limitations defense by not pleading it in her Rule 60(b) appearance.   As the Magistrate Judge correctly noted, Defendant Bowman raised the affirmative defense of statute of limitations in her answers to Plaintiff's original and amended complaints with sufficient particularity to satisfy the applicable pleading standards. (ECF No. 184 at 12.)

Plaintiff filed objections to the Magistrate Judge's recommendations challenging: 1) the applicability of the West Virginia statute of limitations and generally advocating for the application of South Carolina law; 2) the nature of Defendant Bowman's employment; and 3) the Court's prior rulings setting aside Defendant Bowman's default. (ECF No. 188.)  Despite these objections, the Court, after a *de novo* review, finds no error in the Magistrate Judge's recommendations.   The Magistrate Judge's well-reasoned recommendations were based on the submissions of arguments and

defenses presented by the parties based on the record before the Court. The arguments made in Plaintiff's objections do not call the analysis into question. Plaintiff's objections reiterate the same arguments made in previous submissions to this Court and further, Plaintiff's objections concerning Defendant Bowman's employment and setting aside the default are simply unrelated to the dispositive portions of the Magistrate Judge's Report. Accordingly, Plaintiff's objections are overruled. This Court accepts the recommendation of the Magistrate Judge and Defendant Bowman's motion is granted in part as to her motion for summary judgment and denied in part as moot as to her motion for change of venue. (ECF No. 184 at 12.) Plaintiff's complaint is hereby dismissed as to Defendant Bowman.

## **PLAINTIFF'S REMAINING MOTIONS**

Also pending before the Court is Plaintiff's Motion for Enlargement of Time filed on January 10, 2014, requesting that a proposed trial date be extended by 90 days (ECF No. 176) and Plaintiff's Motion for Relief from Order (ECF No. 179) noted above. Based on the Court's rulings above, Plaintiff's Motion for Enlargement of Time is denied as moot.

Additionally, this Court denies Plaintiff's Motion for Relief from the Court's previous rulings granting Defendant Bowman's motion to set aside default. (ECF No. 179.) Plaintiff has already voiced his objection to this decision and the Court responded by way of an order dated May 21, 2012 denying Plaintiff's motion for reconsideration. (ECF No. 127.) Plaintiff asks this court to again to reconsider the issue based on his interpretation of Defendant Bowman's motion for summary judgment which he contends casts doubt of Defendant Bowman's previously submitted affidavit filed in conjunction

with her motion to set aside any entry of default in this case.[2] (ECF No. 164). Plaintiff's latest motion is brought pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. *See McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir.1991) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir.1979)). Before evaluating the merits of a claim under Rule 60(b), the moving party "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir.1984). To assert a meritorious defense, "the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." *Coomer v. Coomer*, 217 F.3d 838 (4th Cir.2000) (unpublished table decision) (citing *Dowell v. State Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993)).

The Court concludes that the plaintiff has not met his burden of showing exceptional circumstances warranting the relief pursuant to Rule 60(b). Further, the Court concludes that plaintiff has not shown legally sufficient grounds that would require reconsideration of the undersigned's prior order.[3] The motion is yet another attempt to reargue issues already fully briefed and decided by this Court. For these reasons, the Motion for Relief from Order is denied. (ECF No. 179.)

---

[2] In her Report and Recommendation, the Magistrate Judge addressed substantially similar arguments raised by Plaintiff as to Defendant Bowman's employment and Plaintiff's suggested reading of the relevant pleadings. (ECF No. 184 at 10.) The Magistrate Judge indicated that her "review of Defendant's pleadings fails to reveal any contradictory language to her earlier assertion that she is not employed by the federal government." (ECF NO. 184.) This Court agrees and does not understand Defendant Bowman's Motion for Summary Judgment to constitute a claim that she is an employee of the federal government in contravention to any earlier assertions or otherwise cast any doubt on sworn statements made to this Court.

[3] I.e., (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b).

## CONCLUSION

The court has carefully reviewed the record, the Report and Recommendation and parties' objections and concurs in the recommendation of the Magistrate Judge. The court adopts and incorporates the Report and Recommendation by reference into this order. Plaintiff's Motion for Summary Judgment (ECF No. 163) is DENIED. Defendant Bowman's Motion is GRANTED IN PART as to her Motion for Summary Judgment and DENIED IN PART AS MOOT as to her Motion for Change of Venue.

Additionally, Plaintiff's Motion for Enlargement of Time (ECF No. 176) and Plaintiff's Motion for Extension of Time (ECF No. 187) are DENIED as MOOT as fully set forth above. Finally, Plaintiff's Motion for Relief from Order is DENIED. (ECF No. 179). Plaintiff's Complaint is dismissed with prejudice as to Defendant Bowman.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

March 19, 2014
Spartanburg, South Carolina